UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMMIE M. BOWERMASTER,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-146

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This is a Social Security disability benefits appeal for which the parties have consented to entry of final judgment. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 14), Plaintiff's reply (doc. 15), the administrative record (doc. 7),[1] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed for SSI on January 20, 2015 alleging disability as a result of a number of alleged impairments including, *inter alia*, esophageal disease, a refractory overactive bladder, osteoarthritis, migraine headaches, a mood disorder, and an anxiety disorder. PageID 63.

After an initial denial of her application, Plaintiff received a hearing before ALJ Mark Hockensmith on December 7, 2016. PageID 78-108. The ALJ issued a written decision on May 24, 2017 finding Plaintiff not disabled. PageID 61-72. Specifically, the ALJ found at Step Five that, based

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] could perform[.]" PageID 66-72.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 46-48. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.    **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 61-72), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 14), and Plaintiff's reply (doc. 15). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A.    **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in weighing the medical opinions of record. PageID 1659. As explained more fully herein, the undersigned agrees with Plaintiff's alleged error and finds remand warranted on that basis.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and

any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[3]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, Plaintiff's longstanding treating psychiatrist, Mark Smith, M.D., authored opinions regarding Plaintiff's mental functional capacity on April 15, 2015 and July 14, 2016. PageID 640, 1538. In April 2015, Dr. Smith wrote that "because of ongoing mood swings and depression and her impaired focus[][,] concentration[,] and memory, she is not able to follow through with work tasks. Her anxiety escalates when she tries to work." PageID 640. In July 2016, based on his observations during treatment sessions dating back to 2005, Dr. Smith diagnosed Plaintiff with bipolar disorder, panic disorder, and agoraphobia. *Id.* Due to these impairments, Dr. Smith opined that Plaintiff had

---

[3] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id.*

"marked" or "extreme"[4] limitations in: restrictions of daily living; difficulties in maintaining social functioning; difficulties of concentration, persistence, or pace; and episodes of deterioration or decompensation in work. PageID 1541. Ultimately, Dr. Smith concluded that Plaintiff would be absent three days a month or more as a result of her impairments or treatment for the same. *Id.* The ALJ afforded both opinions "little weight," discounting them as inconsistent with the treatment notes written contemporaneously with the opinions and with Plaintiff's alleged "continuing improvement." PageID 70. The ALJ committed multiple errors in weighing the opinions of Dr. Smith.

Initially, the undersigned notes that the ALJ erred in failing to specifically acknowledge Dr. Smith's status as a treating physician, mention the applicable concept of controlling weight, or decline to give Dr. Smith's opinions controlling weight. *Id*. As noted by this Court on numerous occasions, such a failure is reversible error because it "deprives the Court of the opportunity to meaningfully review whether [the ALJ] undertook the 'two-step inquiry' required when analyzing treating source opinions." *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016); *Hatton v. Comm'r of Soc. Sec.*, No. 3:18-CV-008, 2018 WL 4766963, at *4 (S.D. Ohio Oct. 3, 2018), *report and recommendation adopted,* No. 3:18-CV-8, 2018 WL 5084758 (S.D. Ohio Oct. 18, 2018); *Reese v. Comm'r of Soc. Sec.*, No. 3:17-CV-283, 2018 WL 2381896, at *3 (S.D. Ohio May 25, 2018).

Rather, the ALJ analyzed whether each of Dr. Smith's opinions were consistent with a single treatment note written on the same days as his opinions. PageID 70. Such an analysis is not, however, tantamount to performing a controlling weight test, which requires the ALJ to analyze whether the opinions are "inconsistent with the other substantial evidence in [the] case record." *LaRiccia,* 549 F. App'x at 384. Discounting Dr. Smith's longitudinal pictures of Plaintiff's mental health based on a treatment note reflecting Plaintiff's symptoms on a single day also flouts the very heart of the treating physician rule -- which grants deference to the treating physician due to his or her ability "to provide

---

[4] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 416, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

a detailed, *longitudinal* picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2) (emphasis added); *see also Blakely*, 581 F.3d at 406.

These errors are more glaring when considering that Dr. Smith's records -- dating back to 2012 -- consistently document medical findings[5] supportive of his opinion. *See, e.g.*, PageID 524, 579, 586, 588, 600-01, 640-41, 1545-46 (noting anxious, depressed moods; impaired short-term memory; and constricted affect). Also supporting Dr. Smith's opinions is the opinion written by Joseph Edwards, Ph.D, the state agency's record reviewing physician, who opined that Plaintiff was markedly limited in maintaining social functioning.[6] PageID 121.

Insofar as the ALJ found Dr. Smith's opinions to be inconsistent with Plaintiff's purported improvement, such an analysis was also erroneous. PageID 70. Indeed, the ALJ seemingly overlooked that on the same treatment note indicating Plaintiff's "improved mood," Dr. Smith also noted that "she is not able to work as her focusing and concertation is impaired due to her bipolar disorder and panic disorder and her agoraphobia. Her panic easily exacerbates with stress." PageID 1545-46. *Hawthorne v. Comm'r of Soc. Sec.*, No. 3:13–cv–179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000)) (An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position"); *Boulis-Gasche v. Comm'r of Soc. Sec*, 451 Fed. Appx. 488, 494 (6th Cir. 2011) (finding

---

[5] "[A] psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment ... consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine.... When mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology." *Blankenship,* 874 F.2d at 1121.

[6] The undersigned notes that, while the ALJ purportedly "considered" Dr. Edwards's opinion, the ALJ's did not substantively analyze the opinion nor did the ALJ assign the opinion any weight at all. PageID 71. Such an omission violates Commissioner's regulations, which required him to evaluate the opinions of non-treating medical experts under the same regulatory factors -- such as the supportability, consistency, and specialization of the medical source -- that apply to treating medical source opinions. *See* SSR 96–6p, 1996 WL 374180 at *2–3 (interpreting, in part, 20 C.F.R. § 416.927(f)).

that "the word 'better'… did not provide the ALJ with substantial evidence from which to find that Plaintiff's mental impairment had subsided"). This is especially true considering that the nature of mental health impairments is fluctuating, and any improvement experienced by Plaintiff may have been fleeting. *Fithen v. Comm'r of Soc. Sec.*, No. 17-14222, 2016 WL 1281822, at *8 (S.D. Ohio Apr. 6, 2016) ("The Social Security regulations recognize that a claimant's level of functioning may vary considerably over time and that longitudinal evidence is required in the case of mental impairments").

Thus, in light of all the foregoing, the ALJ failed to establish "good reasons" for discounting the opinions of Plaintiff's treating psychiatrist, Dr. Smith. *Mitchell v. Comm'r of Soc. Sec.*, 330 Fed. Appx. 563, 569 (6th Cir. 2009).

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date: 9/25/2019                             s/ Michael J. Newman
                                            Michael J. Newman
                                            United States Magistrate Judge